IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS DECEMBER 29, 2000

## MARIA NELSON v. STATE OF TENNESSEE DEPARTMENT OF SAFETY

**Direct Appeal from the Chancery Court for Davidson County**
**No. 99-1448-III; The Honorable Ellen Hobbs Lyle, Chancellor**

———————————

**No. M2000-01147-COA-R3-CV - Filed March 20, 2001**

———————————

This appeal arises from entry of a default judgment by the Appellee against the Appellant following the Appellant's failure to appear at a scheduled hearing. The Appellant filed a petition for judicial review with the Chancery Court of Davidson County. The trial court affirmed.
The Appellant appeals from the Chancery Court of Davidson County's decision affirming the default judgment entered against the Appellant. For the reasons stated herein, we reverse the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Maria Nelson, *pro se*

Paul G. Summers, Attorney General & Reporter, Michael A. Meyer, Assistant Attorney General, for Appellee

**OPINION**

**I. Facts and Procedural History**

The Appellant, Maria Nelson ("Ms. Nelson") is a resident of West Memphis, Arkansas and holds a valid Arkansas driver's license. On November 5, 1997, Ms. Nelson and another motorist were involved in an automobile accident in Memphis, Tennessee. The accident report stated that the other motorist's automobile struck Ms. Nelson's automobile when Ms. Nelson attempted to make a left turn from the wrong lane. The report also stated that the estimated damage to each automobile was over four hundred dollars. By letter dated September 14, 1998, the Appellee, State of Tennessee Department of Safety ("the Department"), informed Ms. Nelson that her driver's license, driving privileges, and privileges to obtain a license would be revoked on October 4, 1998 unless she

complied with one of the following provisions: (1) submit proof that she had motor vehicle liability insurance at the time of the accident; (2) file a notarized release(s) from all persons who filed claims for damages with the department for the accident; or (3) deposit cash or a corporate surety bond with the department for $2,727.00. The Department also informed Ms. Nelson that she had a right to a hearing on the proposed action if she requested a hearing on or before October 4, 1998.

Ms. Nelson requested a hearing on October 5, 1998. By letter dated October 30, 1998, the Department granted Ms. Nelson a hearing scheduled for November 12, 1998. The letter also stated that if Ms. Nelson wished to reschedule the hearing date, she should make the request in writing. On November 5, 1998, Ms. Nelson made a written request to reschedule the hearing. By letter dated November 11, 1998, the Department notified Ms. Nelson that she had lost her driver's license, driving privileges, and privileges to obtain a license. By letter dated December 18, 1998, the Department notified Ms. Nelson that the hearing was rescheduled for January 14, 1999. Ms. Nelson claims that she never received this letter. On January 14, 1999, Ms. Nelson failed to appear at the hearing, and a default judgment was entered. Ms. Nelson submitted a petition for reconsideration on February 16, 1999. On March 18, 1999, the Department denied Ms. Nelson's petition. On May 21, 1999, Ms. Nelson filed a petition for judicial review with the Chancery Court of Davidson County. The trial court affirmed the order of the Department and dismissed Ms. Nelson' petition with prejudice. This appeal followed.

## II. Standard of Review

Our standard of review of this administrative agency is governed by section 4-5-322 of the Tennessee Code, which provides:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.
> In determining the substantiality of the evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.
> (i) No agency decision pursuant to a hearing in a

> contested case shall be reversed, remanded or modified
> by the reviewing court unless for errors which affect
> the merits of such decision.

TENN. CODE ANN. § 4-5-322 (h)-(i) (1998).

In the case at bar, the decision of the administrative agency was not a decision on the merits but rather a default judgment. Our review is not a review of the merits of the case but is a review of the trial court's decision affirming the Department's decision to enter default against Ms. Nelson.

### III. Law and Analysis

The following issues, as we perceive them, are presented for our review: (1) whether Ms. Nelson was required to provide proof of financial responsibility under section 55-12-105 of the Tennessee Code; (2) whether Ms. Nelson's driver's license, driving privileges, and privileges to obtain a license were revoked on November 11, 1998, prior to the date set for the hearing such that she was, therefore, deprived of due process; (3) whether Ms. Nelson failed to receive notice of the January 14, 1999, hearing and was, therefore, deprived of due process; and (4) whether the trial court erred in assessing court costs against Ms. Nelson as an indigent litigant. We will examine each of these issues in turn.

The first issue presented for our review is whether Ms. Nelson was required to provide proof of financial responsibility under section 55-12-105 of the Tennessee Code.[1] Section 55-12-105 states:

> (a) The commissioner shall, upon receiving an accident report
> of an accident occurring in this state which has resulted in
> bodily injury, or death, or damage to the property of any one (1)
> person in excess of four hundred dollars ($400), and upon
> determining that there is a reasonable possibility of a judgment
> against the owner, operator, or both, and upon receiving notice
> of a claim filed against such owner, operator, or both, revoke
> the license and all registrations of the owner, operator, or both,
> of a motor vehicle involved in such accident, and in case of a
> nonresident, the privilege of operating a motor vehicle within
> the state and of the use within this state of any motor vehicle
> owned by such nonresident, unless such operator, owner, or
> both, shall deposit security in a sum which shall be sufficient
> in the judgment of the commissioner, and in no event less than
> five hundred dollars ($500), to satisfy any judgment or judgments

---

[1] In her appellate brief, Ms. Nelson argues that she was not required to comply with section 55-12-104(a) of the Tennessee Code. The Department never stated that Ms. Nelson must comply with section 55-12-104(a). Rather, the Department stated that Ms. Nelson must comply with section 55-12-105. We find that Ms. Nelson intended to argue that she was not required to comply with section 55-12-105 instead of section 55-12-104(a).

resulting from such accident which may be recovered against such operator, owner, or both.

(b) The following, and only the following, shall be acceptable proof of financial security:

(1) Filing of written proof of insurance coverage with the commissioner on forms approved by the commissioner;

(2) The deposit of cash with the commissioner of no less than the amount specified in § 55-12-102, or in the total amount of all damages suffered, whichever is less, subject to a minimum deposit of five hundred dollars ($500);

(3) The execution and filing of a bond with the commissioner of no less than the amount specified in § 55-12-102, or in the total amount of all damages suffered, whichever is less, subject to a minimum bond of five hundred dollars ($500); or

(4) The submission to the commissioner of notarized releases executed by all parties who had previously filed claims with the department as a result of the accident.

(c) Any notice of revocation issued under this section shall be sent by United States mail to the last known address of such operator and owner not less than twenty (20) days prior to the effective date of revocation, and shall state the amount required as security, and that the operator, owner, or both are entitled to an administrative hearing conducted pursuant to a request under the provisions of § 55-12-103(a). Any request for an administrative hearing must be submitted in writing on or before the effective date of the proposed revocation.

TENN. CODE ANN. § 55-12-105 (1998).

Ms. Nelson claims that the accident failed to result in damage to property in excess of four hundred dollars such that section 55-12-105 was inapplicable. We disagree. Section 55-12-110(a) of the Tennessee Code states:

Any party who has suffered damages as a result of an accident may submit to the commissioner an affidavit or an accident report showing thereon the amount of damages suffered. The affidavit or accident report, when properly executed, shall, for the purpose of this chapter, be accepted by the commissioner as satisfactory evidence to indicate the amount of actual damages, unless evidence to the contrary is received, in which case the commissioner shall, for the purposes of this chapter, determine the damages from written evidence submitted to the commissioner.

TENN. CODE ANN. § 55-12-110(a) (1998).

The accident report which was filed with the commissioner states that each automobile sustained more than four hundred dollars in damage. Pursuant to section 55-12-110(a), the commissioner was entitled to rely on the accident report and find that the accident caused more than four hundred dollars in property damage unless the commissioner received evidence to the contrary. We can find no such evidence to the contrary in the case at bar. Accordingly, this issue is without merit.

The second issue presented for our review is whether Ms. Nelson's driver's license, driving privileges, and privileges to obtain a license were revoked on November 11, 1998, prior to the date set for the hearing such that she was, therefore, denied due process. The trial court noted in its memorandum and order that the record revealed that no action was taken to actually revoke Ms. Nelson's license until after the January 14, 1999, hearing. As stated by the trial court, "While it is not clear to the Court or from the record why the Department would have rescheduled a hearing for the petitioner on January 14, 1999, but sent the petitioner a letter revoking her license on November 11, 1998, the Court finds that there was no deprivation of due process." We agree. The Department mailed Ms. Nelson a letter dated November 11, 1998, stating that her driver's license, driving privileges, and privileges to obtain a license were revoked. Nevertheless, the Department rescheduled the hearing on the matter for January 14, 1999. Clearly the Department did not actually revoke Ms. Nelson's driver's license, driving privileges, and privileges to obtain a license when it had rescheduled a hearing for a later date on the matter. Because we find that Ms. Nelson's rights were not actually revoked prior to the January 14, 1999, hearing, we find that she was not deprived of due process when the Department sent her the letter dated November 11, 1998.

The third issue presented for our review is whether Ms. Nelson failed to receive notice of the January 14, 1999, hearing and was, therefore, deprived of due process. The Department contends that it notified Ms. Nelson by letter dated December 18, 1998, that the hearing was rescheduled for January 14, 1999. Ms. Nelson claims that she never received the letter. There are two ways to prove that a letter has been received: (1) by direct proof of delivery and receipt; or (2) by proof that the letter was duly mailed. See U.S. Life Title Ins. Co. v. Department of Commerce and Ins., 770 S.W.2d 537, 542 (Tenn. Ct. App. 1988). Proof of due mailing raises a presumption that the letter was received. See id. Proving that a letter was duly mailed requires evidence that the letter was deposited with the post office properly stamped and correctly addressed. See id.; Southern Region Indus. Realty, Inc. v. Chattanooga Warehouse & Cold Storage Co, Inc., 612 S.W.2d 162, 164 (Tenn. Ct. App. 1980); W.E. Richmond & Co. v. Security Nat'l Bank, 64 S.W.2d 863, 869 (Tenn. Ct. App. 1933). "Evidence that another letter, addressed in the same manner as the letter in question, was received by the addressee, is entitled to be considered in determining whether or not the presumption will arise." W.E. Richmond & Co., 64 S.W.2d at 869 (citing Lawrence Bank v. Raney & Berger Iron Co., 26 A. 119, 121 (Md. 1893)). The presumption is one of fact which can be rebutted. See id.

There is no direct evidence that the letter dated December 18, 1998 was received by Ms. Nelson. Accordingly, it was incumbent on the Department to present evidence that the letter was

duly mailed. We find that the Department failed to satisfy its burden. The Department notes that there is no evidence that the letter was returned for insufficient postage or inability to make a delivery. The Department presents no evidence, however, that the letter was properly stamped and deposited with the post office. While the address on the face of the letter reflects that it was mailed to the address at which Ms. Nelson received all other correspondence and notices from the Department, this alone is not sufficient evidence to raise the presumption that the letter was duly mailed. We find that Ms. Nelson's due process rights were violated for failure to receive notice of the hearing rescheduled for January 14, 1999. Consequently, the trial court erred in affirming the Department's default judgment against Ms. Nelson.

The final issue presented for our review is whether the trial court erred in assessing court costs against Ms. Nelson as an indigent litigant. Because we find that the trial court erred in affirming the Department's default judgment against Ms. Nelson, we decline to address the issue of court costs.

## IV. Conclusion

For the foregoing reasons, we reverse the decision of the trial court affirming the Appellee's entry of default judgment against the Appellant and remand the case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed against the Appellee, State of Tennessee Department of Safety, for which execution may issue if necessary.

 

_____
ALAN E. HIGHERS, JUDGE